## TOWN OF DELHI V. GRAHAM.

*Appearance — by attorney without authority — stay of proceedings on account of — unauthorized. Parties — town.*

Upon a motion by defendant to stay proceedings on the ground that the action was brought without the authority of the plaintiff; *held,* that such relief should probably be limited to cases of actual fraud on the court — cases in which an attorney is using a plaintiff's name, without his knowledge and consent in a wrongful manner — and that it should seldom be granted on application of defendant, and would probably never be so if the plaintiff were a natural person and not a corporation.

In this case the plaintiff was a town. The action was reported at a town meeting and no objection made to it. *Held,* that there being no fraudulent use of the name of the town the court should, in the exercise of its discretion, deny the motion even if the action was not formally brought.

APPEAL by defendant from so much of an order at special term as upon a specified condition denied a motion by defendant for a stay of proceedings.

The action was brought by the town of Delhi against James H. Graham to recover a balance of moneys belonging to plaintiff, and alleged to be in the hands of defendant as a former supervisor of said town for which he had failed to account. The only question on this motion was the authority of the attorney to bring this action, and sufficient facts in relation thereto appear in the opinion.

*F. Jacobs, Jr.,* for appellant.

*Youmans & Niles,* for respondent.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

LEARNED, P. J. The defendant moves to stay the plaintiff's proceedings on the ground that the attorney is not authorized to bring the action.

The instances in which such relief is proper are rare. They should probably be limited to those in which there is an actual fraud on the court, in which an attorney, without the knowledge or consent of a plaintiff, is using his name in a wrongful manner.

Generally it is best that only the plaintiff himself should be allowed to complain that the action is without his authority, and that his silence on this point should be considered to give consent.

There is an obvious reason why such a motion as this should seldom be granted. The plaintiff has no notice of it. For the very ground of the motion is that the attorney for the plaintiff does not, in fact, lawfully represent him, and, therefore, if the defendant's view of the facts is correct, the notice of motion given to the plaintiff's attorney is no notice to the plaintiff. We are asked, therefore, to prevent a plaintiff from proceeding in an action, and to do this without giving him or any one who represents him, an opportunity to be heard.

The court would probably never do this in the case of a natural person, plaintiff.

But the defendant urges that the present is different from other cases, in that the plaintiff is a *quasi* municipal corporation.

These facts, however, appear. The pendency of this action is known to the inhabitants of the town. It has been reported to the town, at a town meeting, and no opposition or objection made. It cannot then be said that there is a fraudulent use of the name of the town. And it seems reasonable to suppose that, if this action is conducted without the approbation of the town, the defendant or some other person would call a town meeting to direct its discontinuance. That would be a better remedy, than this application.

The defendant, however, insists that the authority to bring an action can only be given at an annual town meeting, or at a meeting specially called; and that an action commenced without such authority cannot afterward be ratified.

It is not best to decide that question of law on an application which is addressed to our discretion. If the fact that this action was commenced without such authority is a legal defense, then the defendant should have pleaded it, as in fact he did, and the matter should be tried at the circuit. If the fact is not a legal defense, but is only available on such a motion as this, then in exercising our discretion, we should consider that the town has actual notice of this action, and has not repudiated it. We ought not to interfere without its request to protect it from the acts of an attorney whom it is implicitly recognizing. If the motion is for its protection let it make it. If it is for the defendant's benefit let him make this defense, if it be a defense, on the trial.

There has been delay in moving. The cause was at issue and noticed for trial, when proceedings were stayed for the purpose of making this motion. Yet the defendant had knowledge of the facts long before.

The order appealed from should be reversed, without costs.

*Order reversed.*